IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN 19 2007
J. T. NOBLIN, CLERK
BY_____ DEPUTY

DEELA JOHNSON                                                        PLAINTIFF

VS.                                                  CAUSE NO. 5:07CV125 DCB-JMR

RIVER REGION HEALTH SYSTEM
AND JOHN DOES 1-10                                                  DEFENDANTS

## COMPLAINT

### (Plaintiff Demands Trial By Jury)

This is a suit for personal injuries based on medical negligence.

Plaintiff Deela Johnson files this complaint against Defendants River Region Health System and John Does 1-10.

### Parties - Jurisdiction – Venue

1. Plaintiff Deela Johnson (hereinafter referred to as "Plaintiff") is an adult resident citizen of Shelby County, Tennessee.

2. Defendant River Region Health System is a Mississippi hospital and may be served with process by serving its Chief Executive Officer, Phillip Clendenin, at its principal place of business, 2100 Highway 61 North, Vicksburg, Mississippi 39183.

3. Defendants John Does 1-10 are unknown individuals, corporations and/or other entities who are liable to Plaintiff for the tortuous acts described in this complaint. The John Doe Defendants also include the corporate predecessors and/or successors who have assumed or are otherwise liable for the tortious conduct of Defendant. The John Doe Defendants also include any of Defendant's employees, agents and/or representatives who are liable to Plaintiff for the tortious acts

described in this complaint. Defendants John Doe 1-10 include but are not limited to any other nurses who participated in the tortuous actions set out below who may be an independent contractor.

4. Venue is proper in the United States District Court for the Southern District of Mississippi, Western Division, in that the cause of action occurred in whole in Warren County, Mississippi and the Defendant may be found in Warren County, Mississippi, which lies in the Western Division. This Court has jurisdiction over this matter as the amount in controversy exceeds the jurisdictional minimum of this Court and the parties enjoy complete diversity from each other.

5. Plaintiff has complied with all Mississippi statutes concerning her requisite Notice of Claim. Defendants have neither accepted nor denied liability.

## Facts & Claims

6. Plaintiff was treated at The Street Clinic, a division of River Region Health System, in Vicksburg, Mississippi, on April 20, 2005, following an automobile accident. As part of that treatment, Ms. Johnson received an intramuscular bicillin injection in her right gluteal area, which was ordered by Dr. Robert Williams. It is unknown who administered the medication, but upon information and belief, it was a nurse employed by River Region Health System.

7. After the Plaintiff was discharged, she continued to have burning and pain at the injection site.

8. On April 27, 2005, Plaintiff presented to The Street Clinic to see Dr. Wiliams regarding the problems she was having in the area where she received the bicillin shot. Upon evaluation, Dr. Williams noted that Ms. Johnson had an abscess in her right gluteal area, where the shot had been administered.

9. Dr. Williams immediately referred Ms. Johnson to Dr. John Mazzeo for emergency

surgery. Dr. Mazzeo noted that Ms. Johnson had a massive infected necrotic abscess in her buttock, and performed a debridement and excision of the mass at River Region Hospital on April 28, 2005. Ms. Johnson remained in the hospital until May 2, 2005, undergoing whirlpool therapy related to her injury during the entire month of May 2005.

10. As a result of this injury, Plaintiff was in significant pain and discomfort prior to debridement, still suffers from pain and discomfort today, and has been left with a very unattractive scar.

11. Defendants owed to Plaintiff the duty of reasonable care, skill, and diligence required of physicians, nurses and health care providers, which includes but is not limited to the following:

   a) A duty to properly administer bicillin and/or the specific medication as ordered by the treating physician;

   b) A duty to properly place the injection to prevent injury;

   c) A duty to monitor the injection such that an infiltration and/or burn does not occur; and,

   d) A duty to stop the flow of medication, and to timely remove and replace the injection upon notification by a reasonable inspection and/or by the patient that significant burning and/or infiltration has occurred.

12. Defendants jointly and/or severally breached the above duties of care and were negligent. Such breaches proximately caused a severe burn and permanent disfigurement to Plaintiff. As a result, Plaintiff incurred substantial medical expenses and underwent a skin grafting surgical procedure. Despite these corrective efforts, Plaintiff's right gluteal area is severely disfigured and she has suffered nerve damage. Plaintiff's disfigurement and nerve damage is permanent.

13. Defendants breached the minimum duty of reasonable care, skill, and diligence and were negligent in a number of ways including but not limited to their failure to adequately and properly administer the injection.

14. Defendants jointly and/or severally breached the above duties of care and were negligent. Such breaches proximately caused a severe burn and permanent disfigurement to Plaintiff. As a result, Plaintiff incurred substantial medical expenses and underwent a surgical procedure to treat her injury. Despite these corrective efforts, Plaintiff remains severely disfigured. Plaintiff's disfigurement is permanent.

15. Defendants breached the minimum duty of reasonable care, skill, and diligence and were negligent in a number of ways including but not limited to their failing to adequately and timely remove the injection in light of the complaints levied by Plaintiff. The negligence of Defendants in failing to follow the minimum standard of care as set out above is the direct and proximate cause of Plaintiff's injuries.

16. Defendant River Region Health System is vicariously liable for the negligent acts of the attending personnel as described above pursuant to the theories of respondeat superior, principal/agent, employer/employee, joint venture and/or public policy. Plaintiff had no knowledge of this fact of the employment status of any personnel at the time of injury and at all times believed that the attending personnel were employees of River Region Health System. Therefore, River Region Health System is liable to Plaintiff for the negligent acts of the personnel who administered the subject injection to the Plaintiff.

17. Defendants' conduct was negligent. Defendants breached the minimum duty of reasonable care, skill, and diligence and were negligent in their performance of medical procedures

on Plaintiff including but not limited to the administration of the subject medication. Such negligence on the part of the Defendants is the direct and proximate cause of Plaintiff's injuries.

18. Alternatively, Defendant River Region Health System owed Plaintiff a duty to properly train and adequately staff its personnel on the day in question. Defendant River Region Health System was negligent in failing to perform such duties. Therefore, Plaintiff's injuries were the direct result of such negligence on the part of Defendant River Region Health System.

### Damages

19. Plaintiff's damages include, but are not limited to, medical expenses, permanent disfigurement, loss of enjoyment of life, emotional distress, and future medical expenses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a trial by jury and requests that all Defendants be held individually and/or jointly liable for all damages alleged herein.

This the _19_ day of _June_, 2007.

RESPECTFULLY SUBMITTED,

**DELLA JOHNSON**

_____
BY: HIAWATHA NORTHINGTON II, MSB #10831

OF COUNSEL:

**NORTHINGTON LAW FIRM**
802 NORTH STREET (39202)
P.O. BOX 1003
JACKSON, MISSISSIPPI 39215-1003
601.914.0253
601.213.4621 (FAX)
hnorthington@northingtonlaw.com

## CERTIFICATE OF COMPLIANCE

I, Hiawatha Northington II, pursuant to Miss. Code Ann. §15-1-36 (1972), as amended, have reviewed the facts of the case and have consulted with at least one (1) expert pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

This the __19__ day of __June__, 2007.

_____
HIAWATHA NORTHINGTON II, MSB# 10831